IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STANLEY ALLSTON,

    Petitioner,

v.                                     Civil Action No. 3:08CV529-HEH

PATRICIA R. STANSBERRY,

    Respondent.

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2241 Petition)

THIS MATTER is currently before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently serving a 264-month term of imprisonment for drug offenses imposed by the United States District Court for the Eastern District of Pennsylvania (hereinafter "the Sentencing Court"). Although Petitioner acknowledges that he previously filed a motion with the Sentencing Court under 28 U.S.C. § 2255, he now challenges his conviction and the sentence in this Court under 28 U.S.C. § 2241. *See generally In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (setting forth limited circumstances in which a federal inmate can bring a § 2241 petition challenging his conviction and sentence)

A motion pursuant to 28 U.S.C. § 2255 must be filed with the sentencing court and provides the primary means of collaterally attacking the imposition of a federal conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his

detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Vial*, 115 F.3d at 1194. The United States Court of Appeals for the Fourth Circuit has concluded that 28 U.S.C. § 2255 is inadequate or ineffective to test a conviction or sentence only when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. Petitioner has not identified a substantive change in the law since the filing of his first § 2255 motion with the Sentencing Court that would alter the criminal classification of his conduct. *See White v. Rivera*, 518 F. Supp.2d 752, 755 (D.S.C. 2007). Thus, Petitioner has not satisfied the above requirements or otherwise demonstrated that he is entitled to challenge his conviction and sentence under 28 U.S.C. § 2241.[1] Accordingly, Petitioner's 28 U.S.C. § 2241 petition will be denied and the action will be dismissed.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Sept 18, 2008
Richmond, Virginia

---

[1] Petitioner asserts that he is actually innocent. The gatekeeping provision for successive § 2255 motions, 28 U.S.C. § 2255(h), contemplates authorizing a successive § 2255 motion if Petitioner is able to able to demonstrate that he is actually innocent. *See* 28 U.S.C. § 2255(h)(1).